## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| ALLEN GROSS, individually and on behalf of others similarly situated, | ) ) ) | **CLASS ACTION COMPLAINT** |
| Plaintiff | ) ) | **FLSA COLLECTIVE ACTION** |
| v. | ) ) | **COMPLAINT UNDER** **29 U.S.C. § 216(b)** |
| FOREST RIVER MANUFACTURING LLC, | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | CASE NO. |

### *PLAINTIFF'S COMBINED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND REQUEST FOR TRIAL BY JURY*

Now comes Plaintiff Allen Gross ("Gross"), by counsel, and for his Class Action and FLSA Collective Action Complaint against Defendant Forest River Manufacturing LLC ("Forest River"), alleges and says:

### *I. STATEMENT OF THE CASE*

Gross brings this class and collective action lawsuit against Forest River to address class-wide wage and hour violations committed by Forest River against its employees.[1] Gross will serve as the class representative.

Specifically, Forest River is and has been underpaying its Indiana employees' wages on a systematic, class-wide basis as a result of an illegal timeclock rounding policy and practice. Gross and thousands of his Forest River coworkers were similarly subjected to Forest River's

---

[1] Prior to filing this complaint, Gross reached out to Forest River to request Forest River's consent to the inclusion of the wage and hour claims that are the subject of this complaint in the related, pending action titled *Heather R. Fitzgerald v. Forest River Manufacturing, LLC*; Case No. 3:20-cv-01004-DRL-MGG. Forest River refused consent and advised that it would object to any motion for leave to amend the *Fitzgerald* complaint to add the illegal rounding claims, which Mr. Gross instead raises in this action. To avoid delay and dispute, Gross files this separate action. Consistent with Local Rule 40-1(d), Gross will

illegal timeclock rounding system.  To explain generally, Forest River is using a non-neutral timekeeping system that consistently rounds work time entries in Forest River's favor and to its employees' detriment.  Forest River's illegal timeclock rounding practices (i.e., non-neutral timeclock rounding) violate the Fair Labor Standards Act of 1938 ("FLSA") and result in underpayment of minimum wages and overtime compensation.  In the same way, Forest River's illegal timeclock rounding practices result in the underpayment of wages, creating class-wide violations of the Indiana Wage Payment Statute, I.C. 22-2-5.

Gross's class and collective action claims based upon Forest River's illegal timeclock rounding practices are most appropriate for class treatment and will be easy to prove.  All of Forest River's wage violations will be shown from a comparison of the face of Forest River's pay stubs to employees and Forest River's own time records for those same employees.

## II.  FACTUAL ALLEGATIONS

1.      Gross is a resident of the State of Michigan and is domiciled in Edwardsburg, Michigan.  Gross worked for Forest River at several locations in the State of Indiana from approximately 2015 through the date of his voluntary resignation in April 2021.  Gross worked for Forest River at a plant in Goshen, Indiana and, in his last four years of employment, Gross worked at one of Forest River's East to West plants in Elkhart, Indiana.  At all times, Gross was employed as a non-exempt manufacturing employee.

2.      Forest River is in the business of manufacturing recreational vehicles, such as motor homes, and recreational camper trailers.  Forest River operates many manufacturing facilities in Northern Indiana.  In connection with its operations, Forest River employs non-exempt manufacturing employees.  In the State of Indiana, Forest River employs many

_____

separately file a Notice of Related Action.

thousands of non-exempt manufacturing employees at any given time.

3.    Gross and similarly situated manufacturing coworkers regularly work/worked in excess of 40 hours per workweek for Forest River but were not paid all overtime premium compensation owed them under the FLSA by Forest River.

4.    Gross and similarly situated manufacturing coworkers were paid primarily on a piece-rate basis, but they were also paid for some hours of work on an hourly-rate basis.

5.    For Gross and similarly situated manufacturing coworkers, Forest River used a timekeeping system that recorded the time of each employee's actual start of work each day and each employee's actual work shift end time.  If Forest River paid Gross and its non-exempt employees' wages and overtime based upon these actual time clock entries, Forest River would have been in compliance with the FLSA and Indiana wage statutes.

6.    At least through May 2021,[2] Forest River did not pay Gross and his coworkers' wages and overtime compensation based upon actual entries on Forest River's own time records.

7.    Importantly, Forest River does not record its non-exempt employees' work time in any other way.  The only time records Forest River maintains to calculate its payment of wages are the time records generated by its electronic timekeeping system.

8.    Forest River has created a policy and practice whereby it significantly adjusts downward and deducts compensable time from its non-exempt employees' time records and pays its employees for less than their full time worked.

---

[2] Based upon investigation, Forest River claimed that it ended its illegal time rounding practices on or about May 24, 2021 and, at that time, began paying employees' wages on actual time clock punches (a "punch to punch basis").  Gross was subject to illegal time rounding throughout his employment.  Given that Forest River recently admitted that it utilized this class-wide time rounding scheme at so many of its manufacturing locations until this change was made on May 24, 2021, it should be simple for the parties and the Court to identify the scope of the class by identifying all of the many Indiana manufacturing

9.     Based upon its long-standing policy and practice of manipulating and downwardly adjusting employee time records, Forest River has been systematically underpaying its employees significant sums of wages and overtime on a daily and thus weekly basis. The aggregate sum of unpaid wages for all employees based upon Forest River's non-neutral (and self-serving) rounding policy is very substantial on a daily, weekly, and an annual basis.

10.     Forest River's time rounding system or program was designed to substantially benefit Forest River, both at the beginning of each employee's shift and at the end of each employee's shift. Forest River's non-neutral time rounding system resulted in its failure to compensate employees for all the time they have actually worked.

11.     Systematically, Forest River rounds time off both ends of its employees' work shifts to benefit Forest River and to harm employees. Forest River underpays wages and overtime to its employees by its use of this rounding system. If employees were paid wages on a continuous workday basis—paid from actual time punch in to actual time punch out—employees would be paid more wages and overtime. Moreover, even if Forest River utilized a neutral time rounding system—where it rounds up to the nearest one-tenth or one-quarter of an hour as often as it rounds time entries down to the nearest one-tenth or one-quarter of an hour—employees would be paid more wages.

12.     As described above, all of Forest River's time rounding practices were performed to Forest River's advantage and to the detriment and harm of Forest River's employees. Forest River's timeclock rounding practices are not neutral. Gross was actually harmed and underpaid wages and overtime compensation based upon Forest River's implementation of its unlawful wage practices as described herein.

---

locations where Forest River applied this time rounding scheme that it modified on May 24, 2021.

13.     To provide a more specific example of Forest River's illegal rounding of Gross's compensable work time, Gross's time clock punches and his corresponding pay records for the workweek from March 7, 2021 to March 13, 2021 show both unpaid hours of work and unpaid overtime.  During this workweek, Gross recorded work hours totaling 40 hours and 32 minutes (40.53 hours).  Forest River paid Gross for only 38.25 hours for the week.  Forest River did not pay Gross any overtime compensation whatsoever even though Gross worked at least 32 minutes of overtime during the workweek.  In fact, Forest River rounded down Gross's recorded work hours in all five days Gross worked during the week, shown as follows:

| Date | Recorded Hours on Time Clock | Rounded Hours Paid |
| --- | --- | --- |
| Monday March 8, 2021 | 9.65 | 9.00 |
| Tuesday March 9, 2021 | 10.05 | 9.50 |
| Wednesday March 10, 2021 | 10.82 | 10.25 |
| Thursday March 11, 2021 | 7.73 | 7.25 |
| Friday March 12, 2021 | 2.28 | 2.25 |
| TOTALS | 40.53 hours worked | 38.25 hours paid |

Time records show that Gross should have been paid for an additional 2 hours and 17 minutes (2.28 hours) for his actual, recorded work time and Gross should have been paid overtime premium compensation for 32 minutes (0.53 hours) for his actual, recorded work time.  Gross was paid nothing at all for the 2.28 hours of work—not a base rate of pay, not a minimum wage. The hours Gross worked, at the very least, should have been counted toward determining Gross's overtime compensation, but the hours were not counted, and Gross was paid nothing at all for his 32 minutes of overtime work that week.

14.     Based upon investigation, information and belief, Gross can conservatively

estimate that Forest River applied its unlawful timeclock rounding scheme, as described herein, to the time records of many thousands of non-exempt manufacturing employees working for it in the State of Indiana. Gross estimates that Forest River has rounded its employees' time records in its own favor to such a degree that Forest River failed to pay its employees for tens of thousands of hours of work that were reported to Forest River in its time records during the period of time relevant to this lawsuit. Gross estimates that Forest River will owe a class-wide, cumulative total of $1 million or more dollars in damages under the Indiana Wage Payment Statute based upon its systematic underpayment of wages caused by this illegal time rounding.

15.     With respect to the collective action claims for unpaid overtime under the FLSA, based upon information and belief, Gross conservatively estimates that Forest River applied its unlawful timeclock rounding, as described herein, to the time records of its Indiana employees during weeks in which those employees also worked hours in excess of forty (40), causing unpaid overtime violations. Gross and many of his similarly situated Forest River coworkers worked in excess of forty (40) hours during one or more calendar week in which they also were subjected to illegal timeclock rounding and not paid all of their overtime compensation. Gross will need discovery to determine the number of weeks that FLSA opt-in Plaintiffs worked overtime hours and were subjected to illegal time rounding to calculate monetary damages.

16.     As described above, Forest River applied its illegal time rounding scheme to the timeclock records punched by Gross and thousands of similarly situated Indiana coworkers. To be clear, Gross and his Forest River coworkers were paid nothing at all for many of the illegally rounded or shaved work hours. Employees were not paid any hourly wage for the hours. Employees were not paid any "piece rate" wages for the rounded hours. Employees were not paid a minimum wage for the rounded hours. Employees did not have the hours counted toward

overtime hours and were paid nothing in overtime compensation for the rounded hours.  Gross and every similarly situated Forest River coworker was a victim of this time rounding scheme.

17.     Forest River has intentionally, knowingly, with reckless disregard and systematically violated its employees' rights to earned wages through Forest River's illegal timeclock rounding practices.  Forest River has intentionally, knowingly, with reckless disregard and systematically violated Gross's and all similarly situated employees' rights to be paid earned wages and to be paid earned overtime compensation and minimum wages.  Forest River deliberately and intentionally implemented a timeclock rounding system in order to pay less in wages to its employees than it owed and less than was reported and earned by the employees.

### III.  CLASS AND COLLECTIVE ACTION ALLEGATIONS

18.     Gross incorporates herein by reference paragraphs 1 - 17 above.

19.     This Complaint is brought as a collective action and as a class action on behalf of other current and former Forest River non-exempt employees who were similarly denied payment of wages and overtime compensation under Forest River's compensation scheme that involved the manipulation of time records and the failure to pay wages for all hours of work, as reported in the timekeeping system.  Gross's consent to be a party plaintiff to this FLSA action is attached hereto as Exhibit 1.

20.     This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of Gross and all current and former non-exempt employees of Forest River who were damaged by its compensation system, which required and resulted in uncompensated work for employees.  By virtue of the "collective action," Gross represents the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstance.  Gross anticipates that

other Forest River employees and former employees will opt in to the action. Gross will serve as representative over the following collective:

> All current and former employees of Forest River who were paid based on rounded time punches (rather than actual punch to punch) and who worked forty or more hours in at least one workweek during the last three (3) years (the "Rounding Collective").

21.     With respect to Federal Rule of Civil Procedure 23(b)(3) class action claims, Gross will serve as class representative over the following class:

> Gross will serve as class representative for the class-wide claims brought under the Indiana Wage Payment Statute.  This Court has supplemental jurisdiction over Gross's Indiana statutory wage claims.  This action is filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Gross and on behalf of all eligible Forest River current and former non-exempt manufacturing employees (who voluntarily resigned) who worked for Forest River in the State of Indiana and were damaged by Forest River's compensation system which systematically rounded time records to Forest River's advantage and its employees' detriment and resulted in uncompensated work performed by the employees.  By virtue of the class action, Gross represents the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstances (the "Rounding Class").

22.     The number of Forest River's current and former employees who will be members of this collective action/class action is so great (numerosity) that joinder of all members is impractical.  Instead, Gross will pursue discovery to obtain the names of the other current and former Forest River employees, to provide notice of the collective action, to offer the opt-in opportunity, and to provide notice of the class action and to offer the opt-out opportunity.

23.     Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group/class.

24.      Gross's claims are typical of the claims of the whole collective group of current

and former manufacturing employees harmed by Forest River's illegal time rounding and wage practices. Gross's claims are typical of the claims of the whole class of current and former Forest River employees harmed by Forest River's illegal time rounding and corresponding wage practices.

25.     Gross will act to fairly and adequately protect the interests of the entire collective group of current and former Forest River employees. Gross will act to fairly and adequately protect the interests of the entire class of current and former Forest River employees.

26.     A "combined"[3] collective action/class action is superior to other available means for the fair and efficient prosecution of these wage claims against Forest River. For example, to prove Forest River's illegal wage practices, Gross and other members of this collective group/class would seek in discovery records about all similarly situated current and former Forest River employees who were similarly denied earned wages and overtime compensation under Forest River's illegal and non-neutral time record rounding practices, all of which harmed manufacturing employees. Individual lawsuits by the members of the collective group/class could lead to (1) inconsistent or varying outcomes in the cases, (2) duplicitous discovery, or (3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result that would have bearing on all of the other individuals in the group.

27.     A determination regarding the similarities of those able to participate in the collective action/class action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages. Particularly with the type of FLSA and Indiana statutory and contractual wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to

their wages under the FLSA and Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

28.    A combined collective action/class action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

29.    Because Forest River's compensation system that required and resulted in uncompensated work by manufacturing employees results in wage violations that trigger issues of both federal and state law, this cause of action presents the ideal factual scenario supporting the Court's exercise over the supplemental state law claims, as common state and federal law issues predominate.

### IV.  JURISDICTION AND VENUE

30.    This Court has jurisdiction over Gross's FLSA claims under 28 U.S.C. § 1331 as those FLSA claims raise a question of federal law.  *See* 29 U.S.C. §§ 201, *et seq*.  The Court has supplemental jurisdiction over Gross's Indiana law claims, which have a common basis in fact with his own and the other class members' FLSA claims.

31.     This Court is the appropriate venue for this cause of action as Gross worked for Forest River at its Goshen and Elkhart locations and most of the illegal activity took place in the Northern District of Indiana.  28 U.S.C. § 1391.

### V.  STATEMENT OF CLAIMS

#### A.  Fair Labor Standards Act Claims

32.    Gross incorporates herein by reference paragraphs 1 through 31 above.

33.    Forest River is an "enterprise" as that term is defined by the FLSA, and Forest

---

[3] *See* Ervin v. OS Rest. Servs., Inc., 632 F.3d 971, 973–74 (7th Cir. 2011).

River is covered by the overtime and minimum wage provisions of the FLSA. Forest River is an "employer," as that term is defined by the FLSA. Finally, Forest River is a "person" as that term is defined by the FLSA.

34.     Forest River has violated Gross's rights and the rights of all members of the Rounding Collective to be properly paid minimum wages and overtime wages in a manner required by the FLSA. Forest River has committed both minimum wage and overtime violations by failing to pay Gross and similarly situated coworkers for all hours of work, particularly as Forest River has underpaid wages based upon its illegal and non-neutral time rounding scheme.

35.     Forest River has repeatedly violated the FLSA's overtime provisions by systematically reducing employees' compensable time worked and not paying Gross and members of the Rounding Collective at the required overtime compensation rate for all hours worked over 40 in a workweek.

36.     Forest River has repeatedly violated the FLSA's minimum wage provisions by systematically reducing employees' compensable time worked and not paying Gross and members of the Rounding Collective for all compensable work time and at an amount equal at least to the required minimum wage rate.

37.     Forest River's failure to comply with the FLSA's provisions regarding minimum wages and overtime compensation is willful and without justification, and subjects Forest River to a three-year statute of limitations.

38.     Gross and the Rounding Collective seek all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorneys' fees, costs and expenses, and any and all other damages to which they may be entitled for Forest River's violations of their rights under the FLSA.

### B. Indiana Wage Payment Statute Claims

39.     Gross incorporates herein by reference paragraphs 1 through 38 above.

40.     Gross has a statutory wage claim arising under the Indiana Wage Payment Statute, I.C. 22-2-5, and he is the Plaintiff who represents the same or similar interests of all current Forest River Indiana-based manufacturing employees and all of Forest River's former manufacturing who worked for Forest River in the State of Indiana and who voluntarily resigned from employment.

41.     By way of this Claim, Gross is seeking, individually and on behalf of members of the Rounding Class of current and former Forest River employees (who voluntarily resigned from employment), all available damages, including all unpaid wages, all underpaid wages, all available liquidated (treble damages), all attorneys' fees, costs and expenses, plus any other damage to which Gross and his fellow Rounding Class members may be entitled pursuant to law. Pursuant to I.C. 22-2-5-2, Gross is seeking, individually and on behalf of members of the Rounding Class, payment of unpaid wages, underpaid wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorneys' fees, costs and expenses.  Gross further expressly asserts and alleges that Forest River acted in bad faith and certainly was not acting or seeking to comply with the Indiana Wage Payment Statute in "good faith" when it intentionally rounded employee time punches and underpaid employees for many hours of work, particularly as it created a system that failed to pay employees from a first principal activity through a last principal activity each work day, all of which resulted in underpaid wages on a class-wide basis.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Gross respectfully requests that the Court enter judgment against Forest River and issue all available relief to him and to all eligible members of the Rounding Collective and Rounding Class, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorneys' fees, costs and expenses;

2. All unpaid and underpaid wages;

3. All statutory damages under I.C. 22-2-5-2, including, but not limited to, all treble damages, costs, and statutorily authorized damages;

4. All reasonable attorneys' fees and expenses;

5. Costs;

6. Prejudgment interest, if available; and

7. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@hkmlawfirm.com


/s/ Hans A. Nilges
Hans A. Nilges (OH Bar 0074304)
NILGES DRAHER LLC
7266 Portage St., N.W., Suite D
Massillon, OH 44646

Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

Robi Baishnab (OH Bar 0086195)
NILGES DRAHER LLC
34 N. High St., Suite 502
Columbus, OH 43215
Telephone: (614) 318-9738
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Matthew J.P. Coffman (OH Bar 0085586)
COFFMAN LEGAL, LLC
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43220
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

## **JURY DEMAND**

Plaintiff Allen Gross, by counsel, requests a trial by jury on all eligible claims and issues.

/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.

14